**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUNE KRAFT, | No. 16-56561 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00701-VBF-AS |
| v. | |
| OLDCASTLE PRECAST, INC., a Washington corporation; INLAND CONCRETE ENTERPRISES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee stock ownership plan, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Rune Kraft appeals pro se from the district court's judgment dismissing his

action alleging a Racketeer Influenced and Corrupt Organizations Act ("RICO")

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

claim, among other claims, arising from a 2007 stock purchase transaction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Kraft's RICO claim was proper because the claim involves issues that were previously litigated as part of the proceedings that resulted in judgment being entered against Kraft on June 22, 2011. *See Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." (citation omitted)); *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (explaining that California's issue preclusion doctrine "precludes relitigation of issues argued and decided in prior proceedings" and setting forth six criteria to determine whether an issue is precluded (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**